# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-2413
_____

United States of America

*Plaintiff - Appellee*

v.

Jerry Michael Conley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: January 5, 2023
Filed: January 10, 2023
[Unpublished]

_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Jerry Conley appeals after he conditionally pleaded guilty to being a felon in possession of a firearm. He challenges the district court's[1] denial of his motion to

_____

[1]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Abbie Crites-Leoni, United States Magistrate Judge for the Eastern

suppress evidence. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

Upon careful review, we conclude that the district court did not err in denying Conley's motion to suppress. See United States v. Guzman, 926 F.3d 991, 997 (8th Cir. 2019). The officer did not violate the Fourth Amendment by checking on Conley and the other occupant of the vehicle and asking for their identification. See Hiibel v. Sixth Judicial Dist. Court, 542 U.S. 177, 185 (2004); United States v. Halter, 988 F.3d 1042, 1046 (8th Cir. 2021). Once the officer discovered that neither of the occupants of the vehicle had a valid driver's license and that the vehicle was stolen, he had reasonable suspicion and probable cause to seize Conley and ultimately arrest him. See Young v. United States, 344 F.2d 1006, 1008 (8th Cir. 1965). The search of Conley's person was justified as incident to his arrest, see United States v. Brewer, 624 F.3d 900, 905 (8th Cir. 2010); the search of the vehicle was justified because the officer saw the firearm in plain view, see United States v. Dunn, 928 F.3d 688, 693 (8th Cir. 2019); the interviews of Conley were Mirandized; and Conley did not present any evidence to demonstrate that his statements were involuntary, see United States v. Syslo, 303 F.3d 860, 866 (8th Cir. 2002) (per curiam).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw and affirm.

———————————————————

District of Missouri.